[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 97-2425

 JOSE A. MATOS-ARROYO,

 Plaintiff, Appellant,

 v.

 EMILIO DIAZ-COLON, ETC., ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Raymond L. Acosta, Senior U.S. District Judge]

 

 Before

 Torruella, Chief Judge,
 Selya and Stahl, Circuit Judges.

 

Raul S. Mariani Franco and Harry Anduze Montano on brief for
appellant.
Carlos Lugo-Fiol, Solicitor General, Roxanna Badillo-Rodriguez,
Assistant Solicitor General, and Edda Serrano-Blasini, Deputy Solicitor
General, on brief for appellees.

 
April 24, 1998 

 

 Per Curiam. Jose A. Matos-Arroyo appeals from the
district court's dismissal under Fed. R. Civ. P. 12(b)(6), of
his complaint challenging his separation from the Puerto Rico
National Guard. We affirm, although on different grounds than
those relied upon by the district court.
 "In the Rule 12(b)(6) milieu, an appellate court operates
under the same constraints that bind the district court, that
is, we may affirm a dismissal for failure to state a claim only
if it clearly appears, according to the facts alleged, that the
plaintiff cannot recover on any viable theory. Conley v
Gibson, 355 U.S. 41, 45-48, 78 S.Ct. 99, 101-03, 2 L.Ed.2d 80
(1957); [The] Dartmouth Review [v. Dartmouth College], 889 F.2d
[13,] 16 [(1st Cir. 1989)]. In making that critical
determination, we accept plaintiff's well-pleaded factual
averments and indulge every reasonable inference hospitable to
his case. Gooley, 851 F.2d at 514." Correa-Martinez v.
Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). "In
conducting this tamisage, we are not wedded to the district
court's rationale, but remain free to affirm the judgment below
on any independently sufficient ground made manifest by the
record." Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201,
204 (1st Cir. 1994).
 1. Claims for Monetary Relief
 Matos-Arroyo seeks damages for harm resulting from
defendants' discharge of him in violation of his procedural due
process rights under the United States Constitution. Those
claims are non-justiciable as the alleged injuries "'arise out
of or are in the course of activity incident to service.'"
Wright v. Park, 5 F.3d 586, 590 (1st Cir. 1993). Because we
have determined that the claims for damages are non-
justiciable, we need not decide whether the district court
erred in ruling that the Eleventh Amendment barred those
claims.
 2. Claims for Injunctive Relief in the Form of
Reinstatement
 Matos-Arroyo also seeks relief in the form of
reinstatement to his military and civilian positions. We need
not decide whether the "bright line rule" adopted in Wright v.
Park, 5 F.3d 586, 590 (1st Cir. 1993), applies to claims for
injunctive relief in the form of reinstatement. In
Penagaricano v. Llenza, 747 F.2d 55, 59 (1st Cir. 1984), this
court applied an analysis first stated by the Fifth Circuit in
Mindes v. Seaman, 453 F.2d 197 (5th Cir. 1971), and found
plaintiff's claims, including a claim for reinstatement in the
National Guard, to be non-justiciable.
 Even if we were to apply the Mindes factors to the facts
of this case, we would conclude, for essentially the same
reasons given in Penagaricano, that the Mindes factors weigh in
favor of finding that Matos-Arroyo's claims for injunctive
relief are not justiciable. See Penagaricano, 747 F.2d at 62
(noting that plaintiff's procedural due process claim was
"insubstantial" because plaintiff lacked "a constitutionally
protected property interest in continued employment with the
Guard"). As this court has recently stated,
 [t]he courts have long been reluctant to interfere
 with internal military decisionmaking, including
 personnel decisions. With only rare exceptions, the
 courts have taken the view that assignments within
 the military structure are matters to be decided by
 the military and not be the courts. The reasons are
 too obvious to need elaboration.

Tirado-Acosta v. Puerto Rico National Guard, 118 F.3d 852, 855
(1st Cir. 1997).
 The district court's Opinion and Order dated November 14,
1997, is summarily affirmed. See Loc. R. 27.1.